IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| QUALAND K. PAYNE,<br>　　　Petitioner,<br><br>VS.<br><br>DOUGLAS DRETKE, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutional Division,<br>　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. C-05-055 |

ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL

　　　Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutional Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas.  Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2254, challenging the results of a disciplinary hearing held February 5, 2004. (D.E. 1, 8). On March 10, 2005 petitioner filed a supplemental pleading. (D.E. 8).  The Court understands the petitioner's supplemental pleading to request appointment of counsel. (D.E. 8).

　　　There is no constitutional right to counsel in federal habeas proceedings. *Elizalde v. Dretke*, 362 F.3d 323, 329 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992).  Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an

evidentiary hearing.  Petitioner's request for counsel is premature.  At this stage of his case, there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing.  Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident.  Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, petitioner's supplemental pleading to the extent it requests appointment of counsel (D.E. 8) is DENIED without prejudice.

ORDERED this 8th day of June, 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE