IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| QUALAND K. PAYNE<br>REG. ID. 604222<br><br>Petitioner,<br><br>V.<br><br>DOUG DRETKE, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutional Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. C-05-055 |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

In this habeas corpus action, petitioner Qualand K. Payne ("Payne") challenges punishment assessed at a disciplinary hearing that included the loss of 365 days of good conduct time. (D.E. 8). Respondent moved for summary judgment on the petition for writ of habeas corpus. (D.E. 9). For the reasons stated herein, it is respectfully recommended that this motion for summary judgment be granted because of petitioner's failure to state a violation upon which habeas corpus relief can be granted.

**JURISDICTION**

The Court has jurisdiction pursuant to 28 U.S.C. § 2241 and § 2254.

## BACKGROUND FACTS AND PETITIONER'S ALLEGATION

On November 8, 1991, the 291st District Court of Dallas County, Texas, in cause number F-9168129-QU, styled State of Texas v. Qualand K. Payne, accepted Payne's plea of guilty to the felony charge of aggravated robbery with a deadly weapon. (D.E. 9). Payne was sentenced to fifteen years imprisonment to be served in the TDCJ-CID. (D.E. 9).

Payne is not complaining about his underlying conviction, but challenges the results of a disciplinary hearing. (D.E. 1, 8). On February 5, 2004, Payne was disciplined after a six and one-half inch sharpened metal object attached to a string was found hidden in the wall of his cell on January 29, 2004. (D.E. 1, 10). He claims his cell mate admitted the object belonged to him.[1] (D.E. 8, 10). In disciplinary case 20040155694, Payne was accused and found guilty of possession of a weapon. (D.E. 10). Payne's punishment was assessed at forty-five days loss of commissary and recreation privileges, fifteen days solitary confinement, reduction in line class from S3 to L2, and a loss of 365 days good time credit. (D.E. 10).

In response to this finding and the various punishments, Payne filed a Step One grievance which was denied. (D.E. 10). Payne claims he filed a Step Two grievance that he alleges was lost or misplaced. (D.E. 8). Respondent claims a Step Two grievance was never filed. (D.E. 9)

---

[1] According to Payne his cell mate stated "Don't worry cellie I got this, I'll take the heat." (D.E. 8).

In his petition, Payne appears to assert three different claims. First, he claims that his due process rights were violated by the loss of 365 days of good time credit. (D.E. 8). Second, he asserts that his due process rights were violated at the disciplinary hearing due to the fact that he was denied the opportunity to call witnesses and present documentary evidence at the hearing and because the inmate legal assistance program did not meet constitutional standards. (D.E. 8, 11). Third, he claims that grievance officials failed to properly investigate his grievance. (D.E. 1, 8).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A state prisoner challenging a prison disciplinary action must first exhaust his administrative remedies. Rourke v. Thompson, 11 F.3d 47, 49 n.6 (5th Cir. 1993); accord Gatrell v. Taylor, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (inmate challenging disciplinary hearing must first exhaust the TDCJ grievance procedures); Spaulding v. Collins, 867 F. Supp. 499, 502 (S.D. Tex. 1993) ("because this case involves a prison disciplinary action, it is not reviewable by state courts and is properly brought by federal habeas corpus petition to this court" after exhaustion of the TDCJ grievance procedure).

Payne filed a Step One grievance that was denied. (D.E. 10). He claims that he filed a Step Two grievance that was lost or misplaced by the mail room or the grievance officials. (D.E. 8). Respondent claims a Step Two grievance was never filed by Payne. (D.E. 9). However, the determination of whether or not Payne exhausted

3

his administrative remedies is not required to dispose of Payne's federal petition because notwithstanding a petitioner's failure to exhaust state remedies, an application for a writ of habeas corpus may be denied on the merits. 28 U.S.C. § 2254(b)(2); see also Busby v. Dretke, 359 F.3d 708, 722 (5th Cir.), cert. denied 541 U.S. 1087 (2004).

## STANDARD OF REVIEW

### A.     Federal habeas corpus review.

To warrant habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge the constitutionality of that custody.[2] 28 U.S.C. § 2241(c)(3), § 2254(a); see also Gray v. Lynn, 6 F.3d 265, 268 (5th Cir. 1993) (state prisoner seeking federal court review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right); Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States). Appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 483 (1973); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

---

[2] See James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998) (identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question").

Payne's claims challenging that he was not allowed to call witnesses or present documentary evidence at the disciplinary hearing, that the inmate legal assistance program did not meet constitutional standards, that grievance officials did not properly investigate his grievance, and the loss of 365 days of good time credits do not affect the length or duration of his sentence, and therefore, are not properly brought in this § 2241 and § 2254 action.

**B.    Motion For Summary Judgment.**

Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies to habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate when there is no disputed issue of material fact and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all reasonable inferences in favor of the party opposing the motions. Caboni v. General Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party moving for summary judgment bears the burden of informing the Court of the basis for the motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not

appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587(1986); Fields v. City of South Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

## DISCUSSION

### A.   A Habeas Petitioner Must Establish A Violation of A Due Process Right

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254.  In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which prison inmates can make a claim that a liberty interest has been taken without due process:

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539 (1974)] and [Meachum v. Fano, 427 U.S. 215 (1976)].  Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84. (internal citations omitted).  The Supreme Court held in Sandin that

confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 486. Instead, the Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. Id.

    **B.**    **Payne's claims**

        **1.**    **Loss of good time**

Payne alleges that his due process rights were violated by the assessment of the loss of 365 days of good time at his disciplinary hearing. To the extent Payne contends that the loss of good time affects his parole eligibility, he fails to state a basis of relief. "In Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole.... In fact, we have expressly held that there is no constitutional expectancy of parole in Texas." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Without such an expectation, Payne is not entitled to due process following the loss of good time credits insofar as the loss affects his eligibility for parole.

In addition to the parole scheme in Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to

7

the correctional institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division.  Madison, 104 F.3d at 768 (citing Tex. Code Crim. Proc. Ann. art. 42.18 § 2(2) (Vernon 1996)).  Prisoners earn good time credits that are added to their actual days served in prison to calculate their release date.  Tex. Gov't Code Ann. § 508.147 (Vernon 2003).

The Fifth Circuit has determined that prior to September 1, 1996, the mandatory supervision program created a constitutional expectation of early release. Malchi v. Thaler, 211 F.3d 953, 957-958 (5th Cir. 2000).  However, certain offenses render the offender ineligible for mandatory supervision.  See Tex. Code Crim. Proc. Ann. art. 42.18, § 8(c)(11) (Vernon 1991).  If the offense committed by the offender is specifically excluded from the Texas mandatory supervision statute, then the offender has no federal constitutional right to release on mandatory supervision.  Campos v. Johnson, 958 F. Supp. 1180, 1189 (W.D. Tex. 1997).

Payne is not eligible for release to mandatory supervision because of the nature of his offense.  He pled guilty to aggravated robbery with a deadly weapon in violation of Section 29.03 of the Texas Penal Code on November 8, 1991.  See Tex. Penal Code § 29.03 (Vernon 1991).  Under the statute in effect at that time, a felony conviction for aggravated robbery made a defendant ineligible for release to

mandatory supervision.  See Tex. Code Crim. Proc. Ann. art. 42.18, § 8(c)(11) (Vernon 1991).  Because Payne is not eligible for release to mandatory supervision, he fails to make a claim that he is entitled to habeas corpus relief based on the loss of 365 days of good time credit.[3]  Therefore, it is respectfully recommended that respondent be granted summary judgment on this issue.

### 2. Payne's disciplinary hearing

Payne also alleges that violations of his due process rights occurred at the disciplinary hearing because he was denied the opportunity to call witnesses and present documentary evidence and because the inmate assistance program did not meet constitutional standards.  The Supreme Court, however, has held that the right of a prisoner to call witnesses and present documentary evidence is within the discretion of prison officials based on a balancing of the inmate's interest against the needs of the prison.  Wolff v. McDonnell, 418 U.S. 539 (1974); Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004).  Furthermore, the Supreme Court held that inmates do not have a constitutional right to counsel in disciplinary proceedings.  Wolff, 418 at 570.

---

[3] None of the punishments assessed to Payne after his disciplinary hearing implicated the due process clause.  No due process concerns are implicated by the loss of commissary privileges or cell restriction.  Malchi, 211 F.3d at 958.  There is no liberty interest in remaining outside of solitary confinement or segregation.  Sandin, 515 U.S. at 486 (1995); see also Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996).  A reduction in line class does not implicate concerns that are protected by the due process clause because there is no protected liberty interest in a custodial classification.  See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

Despite Payne's allegation that he was denied the opportunity to call witnesses and present documentary evidence, the evidence establishes Payne was advised that he could call witnesses and present documentary evidence at his disciplinary hearing, but that he chose not to do so. (D.E. 10). Furthermore, Payne's Supplemental Pleading indicates that, at his request during the disciplinary hearing, an unsuccessful attempt was made to contact Officer Ray (a witness requested by Payne) and that Officer Darren S. Mayer (another witness requested by Payne) was in fact contacted by phone. (D.E. 8). Finally, the evidence shows that although there is no constitutional requirement that he receive counsel for his disciplinary hearing, Payne was appointed a counsel substitute to assist him. (D.E. 10).

As a result, these claims fail to establish a violation of any constitutional right. Therefore, Payne is not entitled to habeas relief. It is respectfully recommended that respondent be granted summary judgment on Payne's claims of due process violations for not being able to call witnesses, or present documentary evidence at his disciplinary hearing and failure of the inmate legal asistance program to meet constitutional standards.

### 3. Failure to properly investigate Payne's grievance claim

Payne filed a Step One grievance. He alleges that the grievance officials failed to properly investigate his grievance.

In Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005), Geiger complained that prison officials failed to properly investigate his grievances. Id. at 373-74. The Fifth Circuit held that to the extent Geiger's claim consisted of an alleged violation of his due process rights based on the grievance procedures of the prison, the district court acted properly in dismissing his claim. Id. It further explained that there is no "federally protected liberty interest in having these grievances resolved to [the prisoner's] satisfaction." Id. at 374. Therefore, the Fifth Circuit held that because Geiger relied "on a legally non-existent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." Id.

Payne, like Geiger, complains that grievance officials did not properly investigate his grievance. As the Fifth Circuit has determined, such a claim is based on a non-existent interest. Indeed, there is no federally protected liberty interest at stake and any alleged due process violation is "indisputably meritless." Therefore, it is respectfully recommended respondent be granted summary judgment on this issue because Payne fails to state a claim upon which habeas relief can be granted.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Payne has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254

petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

In this case, it appears that reasonable jurists could not debate the denial of Payne's § 2254 petition on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court not grant Payne a certificate of appealability.

## **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that respondent's Motion for Summary Judgment be granted because Payne fails to state a constitutional violation.

Moreover, petitioner is not entitled to a certificate of appealability as to his

claim, and it is respectfully recommended that the Court not grant a certificate of appealability.

 Respectfully submitted this 13th day of June 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).